Judgment reversed, and <em>venire de novo</em> awarded.

WILLIAMS, J., dissented on the ground that no error is assigned to the admission of the evidence and because the evidence was properly received under the rule of court.

# Newell *versus* Haworth.

The defendant owned a leasehold in Venango county and contracted with the plaintiff to furnish an engine, &c., he to receive an interest in the lease. The plaintiff furnished some of the machinery and afterwards had it repaired, the defendant refusing to assign him the interest, he refused to furnish any more; a lien was entered under the Act of April 8th 1868 (Mechanics' Lien in Venango) and the leasehold was sold. *Held*, that the plaintiff not standing in a relation to charge the leasehold, could recover for the machinery furnished.

November 1st 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county:* No. 153, to October and November Term 1870.

This was an action of assumpsit, brought to April Term 1868, by Plumer Haworth against H. Newell, for an engine, tools, &c., for sinking an oil-well in a leasehold which the defendant owned.

The case was tried November 8th 1869, before Trunkey, P. J.

The plaintiff gave evidence that in October 1868, he agreed with the defendant to furnish him an engine, tubing and casing and other apparatus for sinking an oil-well, in consideration of which he was to receive half the working interest, which was to

[Newell *v.* Haworth.]

be assigned to him in writing by the defendant; plaintiff put on the ground all the machinery that he was to furnish except the tubing and casing; the engine worked well; the plaintiff demanded the assignment of the interest, and the defendant refused to make it, alleging that the engine did not work well; after the engine had been use in sinking the well 500 or 600 feet, the plaintiff offered to deliver the tubing and casing as soon as defendant would assign the interest; the defendant still declined, and complained about the engine. In order to satisfy the defendant the plaintiff had the engine repaired.

The defendant gave evidence in answer to plaintiff's case; also that for the repairs, the mechanics entered a lien for $57.05 on the leasehold and property, and they were sold March 8th 1869, to S. A. Barnes and James Newell, a son of defendant. The defendant knew that the property was advertised for several days before the sale and was present at it.

The court charged amongst other things:—

"The tubing and casing were not actually delivered. Was the plaintiff prevented from delivering these by the utter refusal of the defendant to perform his part of the contract? At the time of such refusal was plaintiff willing and offering to give these articles? If so the refusal by defendant excused further delivery and the plaintiff could treat the contract as rescinded.

"If you find that the plaintiff performed in all respects his part of the contract as to the articles delivered, and was prevented from further performance by the refusal of the defendant to receive the other articles, and perform his part, the plaintiff can recover the value of the goods delivered and work done up to the time of defendant's refusal. But if you find the plaintiff did not perform he cannot recover anything under the pleadings. Nothing but the conduct of the defendant in an utter refusal to carry out and perform the contract will enable the plaintiff to recover on the pleadings in this case. If by reason of the failure of the plaintiff to furnish an engine according to contract the defendant refuses to make an assignment, there can be no recovery. If by reason of the tubing and casing not having been delivered he refuses to convey, the action fails. With these instructions the case is submitted to you.

We are asked to charge you in reference to the sheriff's sale of the property under proceedings upon the mechanics' lien. [If the contract was made and the property delivered to the defendant, and he had the possession and was using it before and at the time the work was done and material furnished as set forth in the lien, then you will let the lien and sale under it have no effect upon your conclusion. In such case it was the defendant's business to take care of his property against any pretended lien, especially when he knew of it several days before the sale and was present when sold.] If this lien was for material or

[Newell v. Haworth.]

labor furnished before the sale and delivery of the property, it would have been the business of the plaintiff to remove it."

The verdict was for the plaintiff for $850.

The defendant removed the case to the Supreme Court, and assigned the part of the charge in brackets for error.

*S. C. T. Dodd,* for plaintiff in error.—The plaintiff could not rescind if he were in default: 2 Parsons on Contr. 191.

*E. L. Keenan* and *J. D. Hancock,* for defendant in error.— If one party breaks his part of a contract, the other may at his option rescind and recover for part performance: Moorehead *v.* Fry, 12 Harris 37; 2 Greenlf. Ev. § 104; 2 Parsons on Contr. 191.

The opinion of the court was delivered, January 3d 1871, by

AGNEW, J.—So far as we can discover upon the facts given to us in this rather meagre paper-book, we cannot say the court below committed any error. The action was for the price of certain articles furnished by the plaintiff under a special contract to be let into an interest in the lease of an oil-well property. The court very distinctly instructed the jury that the plaintiff could not recover except upon a rescission of the special agreement, as the consequence of the defendant's refusal to comply with the contract. The only error assigned arises upon an alleged lien for repairs done at the instance of the plaintiff to the engine furnished by him under the contract, and upon which a sale of the engine, tools, &c., took place. The error alleged is, that the court instructed the jury that if the contract was made and the property delivered to the defendant, and he had the possession of, and was using it before and at the time the work was done or materials furnished as set forth in the lien, then the lien and sale under it can have no effect upon the conclusion of the jury. The conclusion meant was of course the conclusion of the jury upon the question of rescission under the prior instruction of the court. The court then added: "In such case it was the defendant's business to take care of his property against any pretended lien." Now there was no error in this, unless the plaintiff stood in a relation to the property to enable him to charge it with a lien or encumbrance for the repairs done to the engine. The plaintiff in error has not furnished us with the lease under which he held the oil-well, or with a copy of the lien filed. If, as nearly all these leases are, the lease in question was for a long term of years or perpetual, no interest in the lease was acquired by the plaintiff below, his contract being by parol, and made void by the Statute of Frauds as to the estate bargained for. So far as we know anything of the mechanics' claim, it was filed against Haworth,

[Newell v. Haworth.]

the plaintiff, alone. It does not appear that he was set forth as contractor, and Newell, the defendant, as owner. Now by the Act of 8th April 1868, applicable to Venango county only, under which this proceeding took place, the "lien shall extend, as to said lot or leasehold, only to the interest of the tenant or tenants, lessee or lessees thereon." The act further provides that the person entitled to a lien shall set forth in his statement of claim the names of the party claimant, and of the owner or reputed owner of the property, and the name of the person with whom the contract was made, and for whom the work was done or materials furnished. So far as we can discover, therefore, from the book before us, Haworth, against whom the lien was filed, was neither a lessee nor tenant of the property against which the lien was filed; nor a person described in the claim as a contractor on behalf of Newell, the owner or reputed owner. Under these circumstances the plaintiff in error cannot ask us to convict the judge of error.

Judgment affirmed.